**Rene ELLIS, Plaintiff-appellant,**

v.

**UNITED STATES of America, Defendant-appellee.**

**No. 04–3016–CV.**

United States Court of Appeals, Second Circuit.

April 1, 2005.*

Alexander J. Wulwick, to Gross Schwartz Goldstone & Campisi, LLP, New York, NY, for Appellant, of counsel.

Benjamin H. Torrance, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, Sarah S. Normand, Assistant United States Attorney), New York, NY, for Appellee, of counsel.

PRESENT: SOTOMAYOR, RAGGI, and HALL, Circuit Judges.

SUMMARY ORDER

Plaintiff Ellis appeals from the judgment of the district court dismissing his claim of negligence, brought under the Federal Tort Claims Act, 28 U.S.C.

---

* Withdrawn and Superseded by 2005 WL 1427502.

§§ 1346(b), 2671–2680, for lack of subject matter jurisdiction. We assume the parties' familiarity with the underlying facts, procedural history, and specification of appellate issues. For substantially the reasons stated by the district court, Ellis' claim of negligence on the part of Officer Rollock is barred by the discretionary function exception to the FTCA, 28 U.S.C. § 2680(a). The evidence of record clearly establishes that Officer Rollock was entrusted with discretion in the enforcement of the policy barring inmates from entering housing units in which they did not reside. Like the district court, we find no conflict on this score between his deposition testimony and his later declaration; moreover, even supposing *arguendo* that his deposition testimony can be understood to indicate that he believed he was expected to check the residence of every prisoner seeking to enter a residence unit in every instance, that subjective understanding is irrelevant because uncontradicted evidence shows that no such requirement was in place. Ellis does not challenge the district court's correct determination that enforcement of the controlled movement policy falls within the scope of the discretionary function exception. *See, e.g., Calderon v. United States,* 123 F.3d 947, 951 (7th Cir. 1997). The judgment of the district court is therefore AFFIRMED.